Joseph Miskabi (SBN 279735)
LAW OFFICES OF JOSEPH MISKABI, APC
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
Phone: 424-245-5740
Fax: 866-202-9176
joseph@miskabilaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID WEISBERG,** | Case No. |
| Plaintiff, | **CLASS ACTION** |
| | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | 1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| **STRIPE, INC.,** | 2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.   DAVID WEISBERG ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of STRIPE, INC. ("Defendant"), in negligently and knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. § 1332. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in California. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant provides payment processing services for websites and mobile apps to tens of thousands of consumer nationwide. Plaintiff alleges

that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

6.      At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7.      Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

8.      At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

9.      On or about October 2015, Defendant began using Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text message, including a text message sent to and received by Plaintiff on or about October 29, 2015.

10.     On October 29, 2015, Plaintiff received a text message from Defendant that read:

> Thanks for saving your payment info! This number will be used to verify your identity at Registration and other sites using Stripe Checkout.

11.     Plaintiff, on or about October 29, 2015, responded to Defendant's text message notification by replying "Who is this?"

12.     Defendant replied with a text message that read:

> Sorry, we cannot receive messages at this number. If you need help, please contact support@stripe.com.

13.     Prior to October 29, 2015, Plaintiff had never contacted nor conducted any business with Defendant in any fashion, including having never visited any of Defendant's online websites.

14.     The text message placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

15.     The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

16.     As of October 29, 2015, Plaintiff did not provide Defendant or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

17.     These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

19.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Defendant without prior express consent.

20.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited text message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

22.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.   The Class can be identified through Defendant's records or Defendant's agents' records.

24.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a)     Whether, within the four years prior to the filing of this Complaint, Defendant placed any unsolicited text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any

automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

b)  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)  Whether Defendant should be enjoined from engaging in such conduct in the future.

25.  As a person that received at least one unsolicited text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

26.  Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

27.  Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

28.  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

present significantly fewer difficulties than those presented in many class claims.

29.  Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

30.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

32.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

34.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

37.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

38.  As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.  Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

40.  Any other relief the Court may deem just and proper.

**SECONDCAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

41.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

43. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

44. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Respectfully submitted this 25th day of January, 2016.



By:    /s/ Joseph Miskabi_____
        Joseph Miskabi (SBN 279735)
        LAW OFFICES OF JOSEPH MISKABI, APC
        8730 Wilshire Blvd, Suite 310
        Beverly Hills, CA 90211
        Phone: 424-245-5740
        Fax: 866-202-9176
        joseph@miskabilaw.com
        ***Attorney for Plaintiff***